IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:22cr6/-MHT-JTA |
| | ) | [18 U.S.C. § 1708 |
| CHARLES ANDRE TURNER | ) | 18 U.S.C. § 1344 |
| | ) | 18 U.S.C. § 1028A] |
| | ) | |
| | ) | INFORMATION |

The United States Attorney charges:

## COUNT 1
(Possession of stolen mail matter)

1. From on or about October 8, 2020, until on or about May 10, 2021, in the Middle District of Alabama, the defendant,

**CHARLES ANDRE TURNER,**

unlawfully had in his possession a letter or mail matter addressed to J.V.K. at P.O. Box 4414, Columbus, Georgia, which had been stolen, taken, embezzled, and abstracted from a letter box, Post office, or mail receptacle, which was an authorized depository for mail matter, knowing the said letter or mail matter to have been stolen, taken, embezzled, and abstracted from an authorized depository for mail matter, in violation of Title 18, United States Code, Section 1708.

## COUNT 2
(Bank fraud)

2. From on or about June 10, 2020, and continuing through May 10, 2021, the defendant,

**CHARLES ANDRE TURNER,**

knowingly executed a scheme or artifice to defraud a financial institution. The scheme and artifice is set forth below.

## MANNER AND MEANS

It was part of the scheme that:

3. TURNER falsely represented to a representative of Ameris Bank that he was C.K.T. TURNER used C.K.T.'s means of identification in order to open and access a checking account ending in -0540 in C.K.T.'s name but with TURNER's address in Eufaula, Alabama.

4. Into that account, TURNER deposited checks issued in the name of J.V.K. and made payable to C.K.T., and he knew that these checks had been stolen from the mail in Columbus, Georgia.

5. TURNER withdrew funds from the account he created using C.K.T.'s means of identification.

6. TURNER knew that he would not have been able to open or access an account in the name of C.K.T. without falsely representing himself to be C.K.T.

7. TURNER intended to defraud Ameris Bank.

8. At all times relevant to this Information, the deposits of Ameris Bank were insured by the Federal Deposit Insurance Corporation.

## THE CHARGE

9. The factual allegations contained in paragraphs 1 through 8 of this Information are realleged and incorporated herein as if copied verbatim.

10. On or about October 8, 2020, TURNER deposited a check in the amount of $7,800.00 from the account of J.V.K., marked "pay to the order of" C.K.T., into the Ameris Bank checking account ending in -0540.

All in violation of Title 18, United States Code, Section 1344.

## COUNT 3
(Aggravated identity theft)

11. On or about June 10, 2020, and continuing through on or about May 20, 2021, in the Middle District of Alabama, the defendant,

**CHARLES ANDRE TURNER,**

knowingly used, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: bank fraud, in violation of 18 U.S.C. § 1344, as charged in Count 2 of this Information, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATION

A. The allegations contained in Counts 1-3 of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2), and 1028(b); and Title 28, United States Code, Section 2461.

B. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1708, 1344, and 1028A set forth in Counts 1-3 of this Information, the defendant,

**CHARLES ANDRE TURNER,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2), and 1028(b); and Title 28, United States Code, Section 2461, any property, real or personal, involved in such offense, or any property traceable to such property; and any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation. The property includes, but is not limited to, a forfeiture money judgment in the amount of $7,800.00, more or less.

C. If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third party;

    (3) has been placed beyond the jurisdiction of the court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2), and 1028(b); and Title 28, United States Code, Section 2461.

SANDRA J. STEWART
UNITED STATES ATTORNEY

*/s/ Megan A. Kirkpatrick*
Megan A. Kirkpatrick
Assistant United States Attorney