IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. 2:22-cr-00001-MHT-JTA |
| | ) |
| CHARLES ANDRE TURNER | ) |

## PLEA AGREEMENT

### I. BACKGROUND INFORMATION

**A. Attorneys**

Defense Attorney:                Christine Ann Freeman

Assistant United States Attorney:    Megan A. Kirkpatrick

**B. Counts and Statutes Charged**

Count 1:    18 U.S.C. § 1708 – possession of stolen mail matter

Count 2:    18 U.S.C. § 1344 – bank fraud

Count 3:    18 U.S.C. § 1028A – aggravated identity theft

**C. Counts Pleading Pursuant to Plea Agreement**

Count 1:    18 U.S.C. § 1708

Count 2:    18 U.S.C. § 1344

Count 3:    18 U.S.C. § 1028A

**D. Statutory Penalties**

Count 1:    18 U.S.C. § 1708

A term of imprisonment of not more than five years, a fine of not more than $250,000 or twice the value of the property involved in the transaction, whichever is greater, or both the fine and imprisonment; a term of supervised release of not more than three years; an assessment fee of $100; and an order of restitution.

Count 2:	18 U.S.C. § 1344

A term of imprisonment of not more than 30 years, a fine of not more than $1,000,000 or twice the value of the property involved in the transaction, whichever is greater, or both the fine and imprisonment; a term of supervised release of not more than five years; an assessment fee of $100; and an order of restitution.

Count 3:	18 U.S.C. § 1028A

A term of imprisonment of two years, set to run consecutively to the sentences on the other charges, a fine of not more than $250,000 or twice the value of the property involved in the transaction, whichever is greater, or both the fine and imprisonment; a term of supervised release of not more than one year; an assessment fee of $100; and an order of restitution.

### E.	Elements of the Offenses

Count 1:	18 U.S.C. § 1708:
   First:	The mail matter described in the Information was stolen from the United States mail, a post-office or post-office station, a letter box, a mail receptacle, or an authorized depository for mail matter;
   Second:	The defendant possessed the mail matter after it was stolen; and
   Third:	The defendant knew that the mail matter was stolen.

Count 2:	18 U.S.C. § 1344
   First:	The defendant knowingly carried out or attempted to carry out a scheme to defraud a financial institution by using false or fraudulent pretenses, representations, or promises about a material fact;
   Second:	The false or fraudulent pretenses, representations, or promises were material;
   Third:	The defendant intended to defraud the financial institution; and
   Fourth:	The financial institution was federally insured or chartered.

Count 3:	18 U.S.C. § 1028A
   First:	The defendant knowingly transferred, possessed, or used another person's means of identification;
   Second:	Without lawful authority; and
   Third:	During and in relationship to the felony alleged in the Information.

## II. INTRODUCTION

Megan A. Kirkpatrick, Assistant United States Attorney, and Christine Ann Freeman, attorney for the defendant, Charles Andre Turner, pursuant to Rule 11(c)(1)(A) and Rule

11(c)(1)(B) of the Federal Rules of Criminal Procedure, with the authorization of the defendant, submit this plea agreement. The terms are as follows.

### III. THE GOVERNMENT'S PROVISIONS

1. Pursuant to Rule 11(c)(1)(B), the government agrees to recommend a sentence of no greater than the bottom, that is, the lowest number, of the advisory Guidelines range, as calculated by the Court at the sentencing hearing.

2. The government acknowledges that the defendant assisted authorities in the investigation and prosecution of the defendant's own misconduct by timely notifying the government of the defendant's intention to enter a guilty plea, thereby permitting the government to avoid preparing for trial and allowing the government and the Court to allocate resources efficiently. Provided the defendant otherwise qualifies, and that the defendant does not, before the date of the sentencing hearing, either personally or through the actions of the defense attorney on behalf of the defendant, take any action inconsistent with the acceptance of responsibility, the government will move at or before the sentencing hearing for a further reduction of one level. *See* U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for a reduction pursuant to § 3E1.1(b) is at the sole discretion of the government. Further, the government reserves the right to oppose the defendant's receiving a two-level reduction pursuant to § 3E1.1(a) should the government receive information indicating that, between the date of the plea hearing and the date of the sentencing hearing, the defendant, either personally or through the actions of the defense attorney on behalf of the defendant, has acted inconsistently with the acceptance of responsibility.

3. Pursuant to Rule 11(c)(1)(B), the government agrees to recommend that, for the purposes of calculating the defendant's advisory Guidelines range, the applicable loss amount under U.S.S.G. § 2B1.1(b)(1)(G) is $568,537.65; and the number of victims is 71. The government reserves the right to argue for or against the application of any other specific offense characteristic or Chapter 3 adjustment. Additionally, the government reserves the right to provide information to the United States Probation Office (Probation) regarding the defendant's criminal history. This agreement does not obligate the government to make any recommendation regarding the defendant's criminal history score or resulting criminal history category.

4. Pursuant to Rule 11(c)(1)(A), the government agrees that it will not bring any additional charges against the defendant for the conduct described in the Information.

## IV. THE DEFENDANT'S PROVISIONS

### A. Plea and Sentencing

5. The defendant agrees to plead guilty to Counts 1, 2, and 3 of the Information and to make factual admissions of guilt in open court. The defendant further agrees to waive any right the defendant may have to subsequently withdraw the guilty plea pursuant to Rule 11(d). The defendant also promises to refrain from taking any action inconsistent with the defendant's acceptance of responsibility for the offense to which the defendant is pleading guilty.

6. The defendant reserves the right to request a downward variance, that is, a sentence below the bottom, that is, the lowest number, of the advisory Guidelines range.

7. The defendant acknowledges that the defendant will not be allowed to withdraw the guilty plea in the event that the Court does not accept any or all of the recommendations made pursuant to Rule 11(c)(1)(B). The defendant also understands that the defendant will be allowed

to withdraw the guilty plea in the event that the Court does not accept any or all of the provisions set forth pursuant to Rule 11(c)(1)(A).

8. The defendant agrees not to commit any other federal, state, or local offense while awaiting sentencing, regardless of whether that offense is charged or chargeable. The defendant agrees to provide truthful information to Probation and to the Court in all presentence and sentencing proceedings.

**B.     Fines and Restitution**

9. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of the Court. The defendant acknowledges that the full fine and restitution amounts shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of Probation at any time, the defendant agrees that the United States Bureau of Prisons and Probation will have the authority to establish payment schedules to ensure payment of the fine and restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off from federal payments, execution on non-exempt property, and any other means the government deems appropriate. The defendant also agrees that the defendant may be contacted by government officials regarding the collection of any financial obligation imposed by the Court without notifying the defendant's attorney and outside the presence of the defendant's attorney.

10. To facilitate the collection of financial obligations imposed in this case, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Further, the defendant will, if requested by the government, promptly submit a

completed financial statement to the Office of the United States Attorney for the Middle District of Alabama in a form the government provides and as the government directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful. The defendant expressly authorizes the government to obtain a report on the defendant's credit in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

11. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by this agreement or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

12. The defendant agrees to pay the $100 per count assessment fee on the date of sentencing.

## C. Freedom of Information Act Waiver

13. The defendant agrees to waive and hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, but not limited to, any records that may be sought under the Freedom of Information Act, *see* 5 U.S.C. § 552, or the Privacy Act of 1974, *see* 5 U.S.C. § 552a.

## V. FACTUAL BASIS

14. The defendant admits the allegations charged in the Information and understands that the nature of the charges to which the plea is offered involves proof as to Counts 1, 2, and 3. Specifically, the defendant admits the following to be true and correct:

6

Count 1: 18 U.S.C. § 1708 – possession of stolen mail

    a. From on or about October 8, 2020, until May 10, 2021, Charles Andre Turner possessed checks and other mail matter which were mailed from Synovus Bank to J.V.K. at J.V.K.'s P.O. Box in Columbus, Georgia. Turner possessed these items in Eufaula, Alabama.

    b. This mail matter was stolen from a post-office box in Columbus, Georgia, before Turner possessed it.

    c. Turner knew that the mail matter was stolen.

    d. Eufaula, Alabama, is within the Middle District of Alabama.

Count 2: 18 U.S.C. 1344 – bank fraud

    e. On or about June 10, 2020, and continuing through at least May 10, 2021, Charles Andre Turner knowingly executed a scheme to defraud Ameris Bank by falsely representing himself to be C.K.T. in order to open and access an account in C.K.T.'s name but with his own address in Eufaula, Alabama.

    f. Turner then deposited checks in the name of J.V.K. and payable to C.K.T. that had been taken from the mail in Columbus, Georgia, and withdrew funds from the account he created using C.K.T.'s means of identification.

    g. Turner knew that he would not have been able to open or access an account in the name of C.K.T. without falsely representing himself to be C.K.T.

    h. Turner intended to defraud Ameris Bank.

    i. At all times relevant to the Information, the deposits of Ameris Bank were insured by the Federal Deposit Insurance Corporation.

    j.    Eufaula, Alabama, is within the Middle District of Alabama.

Count 3: 18 U.S.C. § 1028A – aggravated identity theft

    k.    From on or about March 31, 2018, until on or about May 10, 2021, Charles Andre Turner possessed means of identification belonging to C.K.T. that he obtained in 2018 while working in the administrative unit at his Bureau of Prisons Facility.

    l.    In addition to C.K.T.'s name, Turner possessed C.K.T.'s date of birth and social security number.

    m.    Turner knew that C.K.T. was a real person and obtained C.K.T.'s information while an inmate at the Federal Bureau of Prisons.

    n.    Turner did not have lawful authority to possess this information.

    o.    Turner used C.K.T.'s means of identification to create, access, and deposit funds an account at Ameris Bank in C.K.T.'s name but using his own Eufaula address, committing bank fraud as alleged in the Information.

    p.    Eufaula, Alabama, is within the Middle District of Alabama.

## VI. THE DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

15.    Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction or sentence. The defendant further expressly waives the right to attack the conviction or sentence in any post-conviction proceeding, including proceedings pursuant to 28 U.S.C. § 2255. Exempt from this waiver is the right to appeal or collaterally attack the conviction or sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct.

16. In return for the above waiver by the defendant, the government does not waive its right to appeal any matter related to this case, as set forth at 18 U.S.C. § 3742(b). However, if the government decides to exercise its right to appeal, the defendant is released from the appeal waiver and may pursue any appeal pursuant to 18 U.S.C. § 3742(a).

## VII. BREACH OF THE PLEA AGREEMENT

17. The parties agree that the issue of whether either party has breached this agreement at any time is one that will be resolved by the Court by a preponderance of the evidence, except as set forth in paragraph 19. The parties agree that, should either party obtain information causing the party to develop a good faith belief that the other party has breached this agreement, then the party will promptly file a written motion—or make an oral motion if doing so would be more expedient—asking that the Court declare the other party to be in breach of the plea agreement.

18. The parties agree that a breach of the plea agreement by the defendant would include, but not be limited to: (1) failing to fulfill each of the defendant's obligations under this plea agreement; (2) committing new criminal conduct; or (3) seeking to withdraw the guilty plea or otherwise engaging in conduct inconsistent with an acceptance of responsibility. Should the Court find the defendant to have breached this agreement: (1) the government will be free from its obligations under this agreement; (2) the defendant will not be permitted to withdraw the guilty plea; (3) the defendant's obligations and waivers under this agreement will remain in full force and effect; (4) the defendant will be subject to prosecution for other crimes; and (5) the government will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements by the defendant and any information or materials provided by the defendant,

including statements made during the plea hearing and all statements made by the defendant pursuant to proffer letters.

19. The parties agree that, in the event that the defendant breaches this agreement by committing new criminal conduct, the government will be required to only establish probable cause to believe that the defendant committed a new criminal offense for the Court to find the defendant in breach of the plea agreement.

20. The parties agree that, should the Court find the government in breach of this plea agreement, the defendant may cancel this agreement and thus be released from the appellate and collateral attack waivers. The parties further agree that a breach of the plea agreement by the government will not automatically entitle the defendant to withdraw the guilty plea and, if the defendant should seek to withdraw the guilty plea on the basis of such a breach, then the defendant will be required to file a motion pursuant to Rule 11(d), which the government could oppose.

## VIII. THE DEFENDANT'S ACKNOWLEDGEMENTS

21. The defendant acknowledges that the Court is neither a party to nor bound by this agreement. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the Court will determine the advisory Guidelines range and the sentence. The defendant acknowledges that the defendant and the defendant's attorney have discussed the advisory Guidelines and the statutory sentencing factors set forth at 18 U.S.C. § 3553(a) and the defendant understands how those provisions may apply in this case. The defendant further understands that the defendant will have no right to withdraw a guilty plea on the basis that the Court calculates an advisory Guidelines range that differs from the range projected by the defense attorney or the government.

10

22.     The defendant acknowledges that the defendant authorized and consented to the negotiations between the government and the attorney for the defendant that led to this agreement.

23.     The defendant understands that: (1) in pleading guilty, the defendant may be required to make statements under oath; and (2) the government has a right to use against the defendant, in a prosecution for perjury or for making a false statement, any statement that the defendant makes. However, as the defendant understands, the government may not use as evidence against the defendant in any future proceeding involving the charges alleged in the Information or related offenses, the defendant's guilty plea if the Court permits the defendant to withdraw that guilty plea.

24.     The defendant understands that if the defendant pleads guilty pursuant to this agreement and the Court accepts that guilty plea, the defendant will waive certain rights, namely: (1) the right to plead not guilty or to persist in a plea of not guilty; (2) the right to a jury trial; (3) the right to be represented by counsel—and, if necessary, to have the Court appoint counsel—at trial and at every other stage of the proceeding; and (4) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

25.     The defendant understands: (1) the nature of each charge to which the defendant is pleading guilty; (2) the maximum and minimum possible penalties associated with each charge to which the defendant is pleading guilty, including imprisonment, fine, and a term of supervised release; (3) any applicable mandatory minimum penalty associated with a charge to which the defendant is pleading guilty; (4) any applicable forfeiture provision applicable to a charge to which

the defendant is pleading guilty; (5) the Court's authority to order restitution; and (6) the Court's obligation to impose a special assessment.

26. The defendant confirms that the entirety of any agreement between the defendant and the government is as set forth in this agreement and any addendum to this agreement and that the government has not made any promises to the defendant other than those contained in this agreement and any addendum to this agreement. This agreement consists of 13 pages and 31 paragraphs and an addendum.

27. The defendant confirms that counsel has competently and effectively represented the defendant throughout the proceedings leading to the entry of a guilty plea. The defendant is satisfied with such representation.

28. The defendant acknowledges that the defendant enters this plea agreement and pleads guilty freely and voluntarily. That is, the defendant acts without being influenced by any threats, force, intimidation, or coercion of any kind.

29. The defendant understands that this agreement binds only the Office of the United States Attorney for the Middle District of Alabama and that the agreement does not bind any other component of the United States Department of Justice, nor does it bind any state or local prosecuting authority.

## IX. THE ATTORNEYS' ACKNOWLEDGEMENTS

30. The attorneys for the government and for the defendant acknowledge that this plea agreement contains the entirety of any agreement between the parties and that the parties reached this plea agreement in accordance with the procedure set forth at Rule 11.

31. The attorney for the defendant confirms that the attorney for the defendant advised the defendant of: (1) the nature of the charges to which the defendant is pleading guilty; (2) the penalties associated with those charges; (3) the rights that the defendant is waiving by pleading guilty; and (4) the possibility that statements made by the defendant under oath during a plea hearing may be used against the defendant in a subsequent prosecution for perjury or for making a false statement.

This 6th day of January 2022.

Respectfully submitted,

SANDRA J. STEWART
ACTING UNITED STATES ATTORNEY

Verne H. Speirs
Criminal Chief

Megan A. Kirkpatrick
Assistant United States Attorney

Charles Andre Turner
Defendant

Christine Ann Freeman
Attorney for the Defendant

13